**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HALAYNE KASOFF, | No. 14-56925 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-08081-GAF-JEM |
| v. | |
| BANKERS LIFE AND CASUALTY COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Before:  D.W. NELSON and PAEZ, Circuit Judges, and BUCKLO,** District
Judge.

Halayne Kasoff ("Kasoff") appeals the district court's grant of summary

judgment in favor of Bankers Life and Casualty Company ("Bankers").  We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Elaine E. Bucklo, United States District Judge for the Northern District of Illinois, sitting by designation.

jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *see e.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665 (9th Cir. 2003), and we reverse and remand.

This appeal boils down to the meaning of the term "Any One Period of Expense" in Kasoff's long-term insurance policy. As stated by the district court, "does 'Any One Period of Expense' require a six month [washout] period only with respect to injuries that are related to the coverage-triggering injury, as [Kasoff] asserts, or does it apply to any injury whether or not related to the coverage-triggering injury, as [Bankers] asserts." The district court agreed with Bankers' interpretation and found the policy provision unambiguous. We conclude that the policy provision is ambiguous and, as a result, construe it against Bankers.

We apply the substantive law of California. *Conestoga Servs. Corp. v. Exec. Risk Indem., Inc.* 312 F.3d 976, 980-81 (9th Cir. 2002). As there are no material disputed facts, and "[b]ecause [in California] the interpretation of an insurance policy is a question of law, we must make our own independent determination of the meaning of the relevant contract language." *Id.* at 981.

Insurance policies are subject to the "ordinary rules of contractual interpretation." *Bank of the West v. Superior Court*, 833 P.2d 545, 551-52 (Cal. 1992) (in bank). The purpose of contract interpretation is to "give effect to the

mutual intention of the parties" by looking at the "writing alone."  Cal. Civ. Code §§ 1636, 1639; *see also United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 776-77 (9th Cir. 2009).  A policy provision is ambiguous if "it is capable of two or more constructions, both of which are reasonable."  *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995).  When an ambiguity exists, the provision should be "interpreted most strongly against the party who caused the uncertainty to exist."  Cal. Civ. Code § 1654.  Moreover, in the context of insurance policies, "'any ambiguous terms are resolved in the insureds' favor, consistent with the insureds' reasonable expectations.'"  *E.M.M.I. Inc. v. Zurich Am. Ins. Co.*, 84 P.3d 385, 389 (Cal. 2004) (quoting *Safeco Ins. Co. v. Robert S*. 28 P.3d 889, 893 (Cal. 2001)).

The term "Any One Period of Expense" is ambiguous as it has at least two reasonable constructions.  *See Waller*, 900 P.2d at 627.  One reasonable construction of this provision is that which Bankers offers and with which the district court agreed: an insured is eligible for a new period of expense only after a six-month washout period during which she receives no long-term care services (i.e. home health care, respite care, personal care) related to the benefit-triggering injury.  Under this interpretation, Kasoff would not be covered for the knee injury at issue in this litigation because she receives long-term care services relating to a

chronic shoulder injury (for which she has already received the maximum benefits available under the policy). Another reasonable construction is that which Kasoff offers: an insured is subject to a six-month washout period only with respect to injuries that are causally related to the initial benefit-triggering injury. Under Kasoff's interpretation, her knee injury should be covered and subject to a separate period of expense because her shoulder and knee injuries are causally unrelated.

As the term "Any One Period of Expense" is ambiguous, under California law it must be construed in favor of Kasoff, the insured, consistent with her reasonable expectations. *Safeco*, 28 P.3d at 895. In other words, would a reasonable insured expect her long-term care policy to cover expenses related to an injury even though she has reached the maximum benefits for a previous injury and has not yet satisfied the washout period with respect to that previous injury? *See id*. The answer is yes. Thus, we conclude that the district court erred in its interpretation of "Any One Period of Expense." *See Safeco*, 28 P.3d at 895.

Having concluded that Bankers was entitled to summary judgment on Kasoff's breach of contract claim, the district court summarily dismissed Kasoff's claims for breach of the implied covenant of good faith and fair dealing, conversion, and elder abuse. In light of our disposition, we reinstate those claims.

For the above reasons, we reverse and remand for further proceedings consistent with this disposition.

REVERSED and REMANDED for further proceedings.